John Lett *v.* J. L. Kunkle and M. P. Wilson, trading as Kunkle & Wilson, Appellants.

*Promissory note—Evidence—Parol evidence to vary terms of note.*

In an action upon a promissory note it is proper to give binding instructions for the plaintiff, the payee, where the only evidence for the defendants is that the note was signed without reading, under the impression that it was a receipt for horses to be sold upon commission, and not a promissory note for the purchase price of the horses.

Argued Oct. 7, 1896.   Appeal, No. 91, Oct. T., 1896, by defendants, from judgment of C. P. Westmoreland Co , November Term, 1893, No. 559, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit upon a promissory note.   Before RAYBURN, P. J., of the 33d judicial district, especially presiding.

The note in suit was as follows:

[SEAL]     " £405

" I promise to pay to John Lett on demand the sum of four hundred and five pounds sterling, for value received at five per cent.

                              " KUNKLE & WILSON.
" Sept. 5, 1890.           Irwin, Pennsylvania, U. S. A."

Lett was a breeder of horses living in Yorkshire, England. Kunkle & Wilson were importers and dealers in heavy draft horses.   The note was executed in England at the time when both Kunkle & Wilson were in Yorkshire for the purpose of buying horses.   The defendants testified that Lett was anxious to sell them Cleveland bay horses ; that they had refused to buy them, but had agreed to take some of the horses and sell them upon commission.   Kunkle, who signed the note, testified to the circumstances under which it was executed as follows:

" Q. Give us the circumstances under which this paper was signed.   A. Why, Mr. Lett came down where we was loading horses, a big lot of horses coming down, one right after the other, and we was placing them, and young Lett came down and says,

VOL. CLXXVIII—18

' I want you to sign a paper that I have delivered these horses.'
Q. Who was that? A. Young Mr. Lett. Of course I in a
hurry signed that paper, and I didn't read it, and he didn't read
it over, and I just signed it in the confusion. Q. What had he
with him? He had a bottle of ink and pen. . . . Q. Describe
the place. A. Well, it is a place that is very dark; that is
down between decks where they loaden horses, and I signed
that paper the best I could; I took it to be a receipt. Q. From
what he said what did you take it to be? A. I took it to be a
receipt for the delivery of the horses. Q. What did Lett say
to you at that time about that paper? A. Well, he said he
wanted something to show to his uncle. Q. Well, if anything
else in addition to that I wish you to please state it? A. Well,
I don't mind of him saying anything. Q. What, if anything
did he say about his wanting you to sign it so quickly, and
down there? A. Well, he said it was his train time and he
hadn't much time. Q. Now, when you signed it where did you
lay it? A. Well, I don't just exactly know; I think I just laid
in on a feed trough. Q. Well, you had signed it before Mr.
Wilson came up? A. Just as he started away Mr. Wilson came
up to me and asked me what I had signed; I told him I had
signed a receipt that the horses were delivered. Q. What did
he say? A. He said I ought to be careful what I signed.
Q. Well, what became of Lett then? A. Well, he left the boat
at the time in a hurry; that's the last I've saw him. Q. State
whether or not there was any conversation there about a note,
or payment of interest, or anything of that kind? A. No, sir;
there wasn't anything of the kind mentioned at any time. "

The court gave binding instructions for plaintiff. Verdict
and judgment for plaintiff for $2,429.25. Defendants appealed.

*Error assigned* among others was binding instructions for
plaintiff.

*Paul H. Gaither*, with him *H. P. Laird, John B. Keenan,
C. H. Gregg, S. J. Potts, J. A. Marchand* and *Cyrus E. Woods*,
for appellants.—We contend that the agreement with plaintiff,
having been shown by the evidence of Kunkle and Wilson, they
had the right at the trial to avail themselves of whatever de-
fense is fairly deducible therefrom: Peter v. Ulmer, 74 Pa.

402; Honesdale Glass Co. v. Storms, 125 Pa. 268; Pyroleum Appliance Co. v. Williamsport Hardware & Stove Co., 169 Pa. 440; Eagan v. Call, 34 Pa. 236; Staines v. Shore, 16 Pa. 200; McDowell v. Burd, 6 Binney, 198; Dixon v. McClutchey, Addison, 322; Kimmel v. Lichty, 3 Yeates, 262; Graver v. Scott, 80 Pa. 88; Bank v. Fordyce, 9 Pa. 278; Miller v. Fichthorn, 31 Pa. 252; Steamboat Co. v. Brown, 54 Pa. 77; Driesbach v. Bridge Co., 81* Pa. 177.

*Charles G. Brown, D. S. Atkinson* and *John M. Peoples,* for appellee, were not heard, but argued in their printed brief: The evidence was improper to submit to a jury: Ziegler v. v. McFarland, 147 Pa. 607; Clarke v. Allen, 132 Pa. 40; P. R. R. v. Shay, 82 Pa. 198; Mead v. Conroe, 113 Pa. 220; Day v. Osborne, 19 W. N. C. 443; Thorne v. Warfflein, 100 Pa. 519; Thayer v. Seep, 168 Pa. 414; Sylvius v. Kosek, 117 Pa. 67; Thomas & Son v. Loose, 114 Pa. 35; Greenfield's Est., 14 Pa. 489; P. R. R. v. Shay, 82 Pa. 198; Clark on Contracts, 1894 ed., 331, 332, 334; Hyatt v. Johnston, 91 Pa. 196; Eagan v. Call, 34 Pa. 236; Pollock on Contracts, 174; Coil v. College, 40 Pa. 439; Whitaker v. Eastwick, 75 Pa. 229; McFarland v. Newman, 9 Watts, 55; Wetherill v. Neilson, 20 Pa. 448; 2 Randolph on Commercial Paper, 531; Byrne v. Stewart, 23 W. N. C. 363; Shisler v. Baxter, 109 Pa. 443; Wilson v. Mitchell, 101 Pa. 495.

PER CURIAM, November 9, 1896:

We find nothing in the testimony that would have warranted the learned trial judge in submitting this case to the jury. He was therefore right in directing them to find in favor of the plaintiff, and in charging them in the language of plaintiff's fourth point, that "the note is the final contract of the parties in writing, and there being no competent evidence to go to the jury to impeach the note, the verdict should be for the plaintiff for the amount of the note and interest." It follows that there was no error in refusing to affirm defendants' points recited in the third to ninth specifications inclusive. There is nothing in the record that requires further notice. The assignments of error are all dismissed.

Judgment affirmed.